UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TONY F., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CASE NO. 2:24-CV-1396-DWC <br><br> ORDER RE: SOCIAL SECURITY DISABILITY APPEAL |

Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of the denial of his application for Disability Insurance Benefits (DIB). Pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and Local Rule MJR 13, the parties have consented to proceed before the undersigned. After considering the record, the Court concludes that this matter must be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings but denies Plaintiff's request that the Court require a new Administrative Law Judge (ALJ) be assigned in this matter on remand.

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 1

# I. BACKGROUND

Plaintiff applied for DIB in September 2018. *See* AR 12. Plaintiff alleged disability beginning February 21, 2016. AR 1358. His date last insured (DLI) is December 31, 2016. *Id.* ALJ Timothy Mangrum held a hearing on Plaintiff's claim in December 2020 (AR 30–61) and issued an unfavorable decision in January 2021 (AR 12–29), which was subsequently reversed on appeal to this Court by U.S. Magistrate Judge Richard Creatura (AR 1050–60). ALJ Mangrum held a second hearing in March 2023 (AR 1000–20) and issued an unfavorable decision in April 2023 (AR 978–99), which was reversed by this Court pursuant to a stipulation of the parties (AR 1462–63).

ALJ Laura Valente (the ALJ) held a third hearing on Plaintiff's claim on June 11, 2024. AR 1374–1404. She issued a decision finding Plaintiff not disabled on July 2, 2024. AR 1354–73. Plaintiff did not file exceptions with the Appeals Council, and the Appeals Council did not assume jurisdiction over the matter, making the ALJ's decision the Commissioner's final decision subject to judicial review. *See* 20 C.F.R. § 404.984(a). Plaintiff filed a Complaint in this Court seeking judicial review on September 5, 2024. Dkt. 5.

# II. STANDARD

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of benefits if, and only if, the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

# III. DISCUSSION

Plaintiff raises several points of error in his opening brief. Dkt. 9. Several of these points of error involve the ALJ's compliance with this Court's prior remand instructions. For instance,

both previous remand orders directed the ALJ to reassess the medical opinion of Jessica Goman, MD (*see* AR 1418–22, 1462), but the ALJ failed to do so, instead noting only that none of the opinions of record were rendered after Plaintiff's DLI (*see* AR 1463), a rationale for rejecting Dr. Goman's opinion which was explicitly repudiated by Judge Creatura (*see* AR 1056). Similarly, although Judge Creatura instructed the ALJ to reassess the medical evidence related to Plaintiff's depression and other alleged impairments at step two (*see* AR 1422), the ALJ did not address any of Plaintiff's mental impairments in the decision (*see* AR 1360).

The Commissioner concedes there is error requiring remand. *See* Dkt. 15. The sole dispute is over the remedy. Plaintiff requests the Court require the Commissioner reassign this case to a different ALJ because the ALJ "displayed a clear inability to render fair judgment." Dkt. 9 at 11. Defendant disagrees this remedy is appropriate. Dkt. 15.

"[A]ctual bias must be shown to disqualify an [ALJ]." *Bunnell v. Barnhart*, 336 F.3d 1112, 1115 (9th Cir. 2003). Actual bias is a high bar—Plaintiff must show "the ALJ's behavior, in the context of the whole case, was 'so extreme as to display clear inability to render fair judgment.'" *Rollins v. Massanari*, 261 F.3d 853, 858 (9th Cir. 2001) (quoting *Liteky v. United States*, 510 U.S. 540, 551 (1994)). "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555.

Plaintiff's argument rests on the contents of the ALJ's decision. *See* Dkt. 9 at 11. The ALJ failed to discuss the medical opinions—despite having been directed to do so by this Court and the Appeals Council (*see* AR 1363, 1056–60, 1462–63)—aside from her statement that they were rendered after the DLI and therefore "not relevant." AR 1363. The ALJ similarly failed to

discuss Plaintiff's mental impairments despite having been directed to do so. *See* AR 1357, 1360. Based on these portions of the decision, Plaintiff argues the ALJ's decision does not "reflect a good-faith attempt to comply with the remand instructions and the relevant regulations." Dkt. 9 at 11; *see also* Dkt. 16 at 2–3.

This is insufficient to show actual bias absent additional evidence. Presuming the ALJ was acting in an unbiased manner, *see Verduzco v. Apfel*, 188 F.3d 1087, 1089 (9th Cir. 1999), the ALJ may have reasonably thought she was analyzing the medical opinions (and thus complying with the remand orders) by pointing out they were rendered outside the relevant time period, *see Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008) ("Medical opinions that predate the alleged onset of disability are of limited relevance."). Although her analysis was contrary to Judge Creatura's decision, the ALJ's apparent unawareness of several sentences of the eleven-page order (*see* AR 1556) hardly shows antagonism towards Plaintiff. Nor does the ALJ's failure to address Plaintiff's mental impairments, which, while also erroneous, can just as readily be explained as a misapprehension of the evidence or inadequate attention paid to the mandate.

Plaintiff also argues the ALJ's blanket rejection of medical opinion evidence rendered after the DLI shows bias (Dkt. 16 at 2), but such a judicial predisposition against medical evidence rendered outside the relevant period only shows bias and prejudice if it goes "beyond what is normal and acceptable" or is "wrongful or inappropriate." *Liteky*, 510 U.S. at 552. Finding medical opinions rendered outside the relevant period unpersuasive is an acceptable predisposition for an ALJ to have, *see Carmickle*, 533 F.3d at 1165, even where this Court finds error in the application of that principal in this particular case.[1]

---

[1] For this reason, *Reed v. Massanari*, 270 F.3d 838, 844–45 (9th Cir. 2001), relied upon by Plaintiff, is distinguishable. There, the ALJ expressed blanket mistrust of a class of specialists available to do consultative

ORDER RE: SOCIAL SECURITY DISABILITY
APPEAL - 4

## IV.  CONCLUSION

For the foregoing reasons, the Court **REVERSES** and **REMANDS** the decision pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings consistent with this Order. On remand, the ALJ is instructed to fully comply with this Court's prior remand orders; provide Plaintiff with an opportunity for a new hearing and issue a new decision; evaluate the medical opinions of Drs. Goman and Widlan; evaluate Plaintiff's mental impairments in accordance with 20 C.F.R. § 404.1520a; reassess the medical evidence; reevaluate the residual functional capacity; reevaluate her findings at steps four and five of the sequential evaluation process if warranted; and take any other action necessary to develop the administrative record or issue a new decision.

Dated this 26th day of March, 2025.

David W. Christel
United States Magistrate Judge

---

examinations, despite SSA regulations acknowledging the important role played by those specialists. *Reed*, 270 F.3d at 844–45. Here, the ALJ's expressed mistrust of the post-DLI medical opinions was not contrary to any SSA regulations, nor was it otherwise wrongful or inappropriate.

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL - 5